UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHNIE MAE WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 15 CV 240 |
| | ) |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Officers YOLANDA TALLEY #1564, and SEVERAL UKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, JOHNIE MAE WINSTON, through one of her attorneys, Torreya L. Hamilton, makes the following complaint against the Defendants The CITY OF CHICAGO, Illinois (Defendant CITY) Chicago Police Officers YOLANDA TALLEY and UNKNOWN CHICAGO POLICE OFFICERS, (Defendant OFFICERS):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of the Plaintiff's rights under the United States Constitution and Illinois common law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff is a resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS were Chicago police officers employed by the Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of the Defendant OFFICERS.

**FACTS**

7. Plaintiff is a sixty-eight year old woman who resides in the second floor apartment at 1308 North Lockwood in Chicago, Illinois. Plaintiff works as a cleaning woman and has lived in her apartment for nineteen years.

8. The building where Plaintiff resides has three apartments which are easily identifiable as separate residences.

9. On the afternoon of July 22, 2014, Plaintiff was carrying groceries inside her apartment having just returned from the grocery store, when Defendant OFFICERS arrived at Plaintiff's apartment building in police vehicles.

10. Defendant OFFICERS did not have a warrant to enter or search any unit in the building.

11. Defendant OFFICERS did not have anyone's consent to enter or search Plaintiff's residence or any part of the apartment building.

12. There were no exigent circumstances that would justify a warrantless entry or search of Plaintiff's residence or any part of his apartment building.

13. Defendant OFFICERS kicked in the front door to the building damaging the door.

14. Several of the Defendant OFFICERS entered the apartment building through the door that they had broken.

15. Plaintiff attempted to go inside to see what the Defendant OFFICERS were doing but she was ordered to stay outside.

16. Some of Defendant OFFICERS remained with Plaintiff in the front of the apartment building, during which time Plaintiff was not free to leave.

17. Some of Defendant OFFICERS went inside Plaintiff's home and conducted a search that lasted approximately thirty minutes.

18. The police search of Plaintiff's home was extensive including closets and drawers.

19. The police search of Plaintiff's home revealed no guns, and no drugs or any other contraband.

20. Defendant OFFICERS left Plaintiff's home in a state of disarray.

21. After concluding their warrantless search of PLAINTIFF's apartment Defendant OFFICERS left.

22. Nobody was arrested during this incident.

23. The police entry into Plaintiff's apartment building was witnessed by several eyewitnesses.

24. As Defendant TALLEY was leaving the location, she told Plaintiff and the other residents of the building that if they wanted the City of Chicago to pay for the damage that they had done to their door, they should call the City's "311" office and they would be sent paperwork for a property damage claim.

**COUNT I**
(42 U.S.C. §1983, Unlawful Search)

25. Each of the foregoing paragraphs is incorporated as if fully restated here.

26. As more fully described above, Defendant OFFICERS entered and searched Plaintiff's home without a warrant or any other legal justification, in violation of the Fourth Amendment to the United States' Constitution.

27. As a direct and proximate result of the illegal search of Plaintiff's home she has suffered damages which will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983, Unlawful Seizure)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.

29. As more fully described above, Defendant OFFICERS detained Plaintiff while they unlawfully searched her home without a warrant, or any other legal justification to do so, in violation of the Fourth Amendment to the United States' Constitution.

30. As a direct and proximate result of the illegal search of Plaintiff's home she has suffered damages which will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. Sec. 1983, Supervisory Liability, Defendant TALLEY)

31. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

32. As described above, Defendant TALLEY was present at the location when the Defendant OFFICERS broke into Plaintiff's home and conducted a warrantless search.

33. Defendant TALLEY is a sergeant on the Chicago Police Department, and as such, it was her responsibility to supervise the conduct of the other officers who entered and searched Plaintiff's home.

34. Rather than properly supervising the UNKNOWN OFFICERS, Defendant TALLEY condoned their unlawful behavior and approved of the search of Plaintiff's home.

35. As a direct and proximate result of Defendant TALLEY'S failure to supervise the other Defendant OFFICERS, Plaintiff's home was entered and searched unlawfully, and she suffered damages, which will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant TALLEY in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(State law trespass claim)

36. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

37. Plaintiff's home at 1308 N. Lockwood in Chicago, Illinois is private property.

38. None of the Defendant OFFICERS were given consent to enter Plaintiff's home or had any other legal justification to do so.

39. Defendant OFFICERS intentionally entered the home.

40. As a direct and proximate result of this intentional conduct, Defendant OFFICERS caused damages which will be proven at trial.

41. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.

42. As the time that of the incident that is the subject of this case, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable for their conduct towards Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate her for her damages, and also for any other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

JOHNIE MAE WINSTON, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397